IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-cr-30165-SMY |
| | ) |
| REGINALD M. BROWN, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Reginald M. Brown was sentenced to 180 months imprisonment after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in 2012 (Doc. 36). His sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"). Now pending before the Court is Brown's Motion for Evidentiary Hearing and to Appoint Counsel (Doc. 44). Brown challenges the inclusion of a 1996 Missouri conviction as a serious drug offense in his presentence report ("PSR") and moves under Rule 60(b) for an investigation into the PSR for errors.

"Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)." *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002). Thus, to the extent Brown argues that he must be resentenced because of alleged errors in the PSR, that is an issue reserved for collateral attack under 28 U.S.C. § 2255.

Brown previously filed petitions under §§ 2255, 2241 and received full rounds of collateral review (*see Brown v. United States*, Case No. 15-cv-1385; *Brown v. Werlich*, Case No. 17-cv-58)

and there is no indication that Brown has sought permission from the Seventh Circuit to file a successive habeas petition. As such, even if this Court were to construe Brown's motion as one brought under § 2255, the motion would be denied as an unauthorized successive petition. *See United States v. Suggs,* 705 F.3d 279, 282 (7th Cir. 2013) ("Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal…. If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to … authorize the district court to hear it.").

Accordingly, Defendant's Motion for Evidentiary Hearing and to Appoint Counsel is **DENIED**. Defendant's Motion for Status (Doc. 45) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED: November 24, 2020**

**STACI M. YANDLE**
**United States District Judge**