IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,                )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )    Case No. 10-cr-30165-SMY
                                         )
REGINALD M. BROWN,                       )
                                         )
                    Defendant.           )

## ORDER

**YANDLE, Chief District Judge:**

Defendant Reginald M. Brown was sentenced to 180 months imprisonment after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in 2012 (Doc. 36). Now pending before the Court are Browns's motion to reduce sentence and motion for resentencing pursuant to the First Step Act of 2018 (Docs. 53, 54). Brown argues that extraordinary and compelling reasons exist under § 1B1.13(b)(6) because he was sentenced to an unusually long term of imprisonment.

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to

those described in paragraphs (1) through (4)."  U.S.S.G. § 1B1.13(b).

Brown argues that extraordinary and compelling reasons exist under § 1B1.13(b)(6) because if he were sentenced today, based on changes in the law, he would only face a maximum Guidelines sentence of 10 years.  However, non-retroactive changes in sentencing laws are not grounds for compassionate release.  *See Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026); *Rutherford v. United States*, 146 S. Ct. 1320, 1330-31 (2026).  A post-sentencing change in the law does not constitute an extraordinary and compelling reason for release; there must be some other independent "extraordinary and compelling" reason for a sentence reduction.

For the foregoing reasons, Defendant Reginald M. Brown's motions for resentencing (Docs. 53, 54) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 20, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**